UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RODRIGO CARRERA,** individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>-against-<br><br>**MAJOR ENERGY SERVICES, LLC, RESPOND POWER, LLC** and JOHN DOES 1-25,<br><br>Defendants | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**and**<br>**JURY TRIAL DEMAND** |

Plaintiff, Rodrigo Carrera (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus Law, LLC, against Defendants Major Energy Services, LLC and Respond Power, LLC (collectively, "Defendants"), individually and on behalf of Classes of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Defendants make telemarketing calls to cellular telephones advertising their energy and power services without the prior express written consent of the called party, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), *et seq.*

2. Many of these calls are made to cellular telephone numbers on the national "Do-Not-Call" registry, constituting a separate and additional violations of the TCPA, 47 U.S.C. § 227(c), *et seq.*

3. Plaintiff has received numerous such calls, despite his repeated requests for Defendants to stop calling him.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because Plaintiff resides in this judicial district, this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred, and Defendant conducted business within this judicial district at all times relevant.

## PARTIES

6. Plaintiff Rodrigo Carrera is a natural person and resident of Monmouth County in the state of New Jersey.

7. Defendant Major Energy Services, LLC is a New York corporation with its principal place of business at 100 Dutch Hill Rd. Suite 310, Orangeburg, New York 10962.

8. Defendant Respond Power, LLC is a New York corporation with its principal place of business at 100 Dutch Hill Rd. Suite 310, Orangeburg, New York 10962.

9. Upon information and believe, Major Energy Services, LLC and Respond Power, LLC are the same company. However, as they have separate registrations, they are each included in this complaint.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

11. Defendants are all "persons" as defined by 47 U.S.C. § 227(a)(2)(A).

## ALLEGATIONS OF FACT

12. Plaintiff brings this action individually and on behalf of all others similarly situated for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

13. The TCPA prohibits making any telephone call to a cellular telephone using an automatic telephone dialing system or prerecorded voice without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

14. When those calls constitute solicitations, any prior express consent must be written.

15. The TCPA also prohibits making two or more telephone solicitations in a 12-month period to a telephone number registered on the national "Do-Not-Call" registry. 47 U.S.C. § 227(c)(5), 64 CFR § 1200(c)(2); made applicable to cellular telephones by 64 CFR § 1200(e).

16. On or about April 9, 2015, Plaintiff received a call on his cellular telephone from 845-205-9031 advertising Defendants' energy and power services.

17. As of April 27, 2015, when this number is called, a prerecorded message thanks the caller for calling Major Energy and Respond Power.

18. Plaintiff received this call despite previously and repeatedly asking Defendants to stop calling him.

19. Plaintiff's cellular telephone has been registered on the national "Do-Not-Call" registry since October 12, 2005.

20. Defendants' calls constitute "telephone solicitations" as defined by 64 CFR 1200(f)(14).

21. Defendants calls were placed using an automatic telephone dialing system, as defined by 47 U.S.C. 227(a)(1).

22. Plaintiff has never provided prior express consent – written or otherwise – for Defendants

to call his cellular telephone.

23. Plaintiff has never had a business relationship with Defendants.

24. The calls were not made for any emergency purpose.

25. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff and putative class members have suffered compensatory, statutory, and actual damages.

26. Accordingly, Plaintiff seeks, on behalf of himself and all others similarly situated, damages and declaratory and injunctive relief pursuant to the TCPA.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

28. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> All persons within the United States to whose cellular telephone a call was placed using an automatic dialing system or prerecorded voice by, on behalf of, at the direction of, or for the benefit of Defendants, within the four years prior to the filing of this complaint, and who did not provide prior express consent for such calls.
>
> ("Autodialer Class")
>
> All persons within the United States to whose telephone two or more telephone solicitations over a 12-month period were placed by, on behalf of, at the direction of, or for the benefit of Defendants, within the four years prior to the filing of this complaint, and whose telephone numbers at which these solicitation were received were registered on the national "Do-Not-Call" registry at the time these calls were received, and who neither gave express consent nor had an existing business relationship with Defendants.
>
> ("DNC Class")
>
> All persons belonging to both the "Autodialer Class" and the "DNC Class."

("Dual Membership Class")(collectively, "Classes")

29. Excluded from the Classes are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediately families, and claims for personal injury, wrongful death, and/or emotional distress.

30. Plaintiff does not know the exact number of members in the Classes, but a simple internet search of the number from which Defendants called Plaintiff reveals numerous complaints. Upon information and belief, this is just one of the marketing numbers used by Defendants.

31. Plaintiff and the Classes have been harmed by the acts of Defendants.

32. This Class Action Complaint seeks injunctive relief and money damages.

33. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

34. The Classes can be easily ascertained through records maintained by Defendants and/or through phone records maintained by Plaintiff, the Classes, and their wireless carriers.

35. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Classes' claims predominate over questions which may affect individual Class Members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants initiated any non-emergency telephonic communications to the Autodialer Class using any automatic dialing system;

   b. Whether Defendants can meet their burden of showing they obtained prior

> express written consent;
>
> c. Whether Defendants maintained written procedures to comply with the national "Do-Not-Call" rules;
>
> d. Whether Defendants trained its personnel and/or any entities assisting Defendants in procedures established pursuant to the "Do-Not-Call" rules;
>
> e. Whether Defendants have maintained and recorded a list of telephone numbers that they may not contact;
>
> f. Whether Defendants used any process to prevent telephone solicitations to numbers on the "Do-Not-Call" registry;
>
> g. Whether Defendants' conduct was knowing and/or willful;
>
> h. Whether and to what extent each Defendant acted as an agent of, or in concert with, the other Defendants;
>
> i. Whether Defendants are liable for damages, and the amount of such damages; and
>
> j. Whether Defendants should be enjoined from engaging in such conduct in the future.

36. As a person who received a call from Defendants to his cellular phone using an automatic telephone dialing system without his prior express consent, and whose telephone number was on the "Do-Not-Call" registry, Plaintiff asserts claims that are typical of each putative Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

37. Plaintiff has retained counsel experienced in and capable of handling class action claims involving violations of the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in prosecuting separate claims is small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the telephone calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular phones, nor did they have any established business relationships with Defendants.

39. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## COUNT I

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b) *ET SEQ.***
**(On behalf of the Autodialer Class)**

40. Plaintiff and the Autodialer Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b) *et seq.*

42. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b) *et seq.*, Plaintiff and the Autodialer Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff and the Autodialer Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)** *ET SEQ.*
**(On behalf of the Autodialer Class)**

44. Plaintiff and the Autodialer Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b) *et seq.*

46. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Autodialer Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and the Autodialer Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c)** *ET SEQ.*
**(On behalf of the DNC Class)**

48. Plaintiff and the DNC Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(c) *et seq.*, as codified at 47 CFR § 64.1200.

50. Violations of 47 U.S.C. § 227(c) are separate, distinct, and cumulative with violations of 47 U.S.C. § 227(b).

51. As a result of Defendants' negligent violations of 47 U.S.C. § 227(c) *et seq.*, Plaintiff and the DNC Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

52. Plaintiff and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227(c) *ET SEQ.*
(On behalf of the DNC Class)**

53. Plaintiff and the DNC Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

55. Violations of 47 U.S.C. § 227(c) are separate, distinct, and cumulative with violations of 47 U.S.C. § 227(b).

56. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

57. Plaintiff and the DNC Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227(b) *et seq.*, Plaintiff and the Autodialer Class seek (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendants'

negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper;

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227(b) *et seq.*, Plaintiff and the Autodialer Class seek (i) up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper.

c. On the Third Count for Negligent Violations of the TCPA, 47 U.S.C. §227(c) *et seq.*, Plaintiff and the DNC Class seek (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) as a result of Defendants' negligent violations of 47 U.S.C. § 227(c), as codified at 47 CFR § 64.1200(c)(2); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); and (iii) any other relief the Court may deem just and proper; and

d. On the Fourth Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227(c) *et seq.*, Plaintiff and the DNC Class seek (i) up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C) as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(c), as codified at 47 CFR § 64.1200(c)(2); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); and (iii) any other relief the Court may deem just and proper.

e. Plaintiff and the Dual Membership Class seek (i) damages in the amount awarded for Counts I and II for violations of 47 U.S.C. § 227(b); (ii) damages in the amount awarded for Counts III and IV, for violations of 47 U.S.C. § 227(c), as codified at 47 CFR 64.1200(c)(2); (iii) injunctive relief prohibiting such conduct in the future; and

(iv) any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 7, 2015                s/ Ari H. Marcus, Esq.
                                   Ari Marcus, Esq.
                                   MARCUS LAW, LLC
                                   1500 Allaire Avenue, Suite 101
                                   Ocean, New Jersey 07712
                                   Telephone: (732) 695-3282
                                   Facsimile: (732) 298-6256
                                   *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 7, 2015

                                   */s/ Ari Marcus*
                                   Ari Marcus, Esq.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Ari Marcus*
Ari Marcus, Esq.