UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODRIGO CARRERA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>MAJOR ENERGY SERVICES, LLC, RESPOND POWER, LLC and JOHN DOES 1-25,<br><br>Defendant. | Docket No.<br>3:15-cv-03208-MAS-LHG<br><br><br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

**Table of Contents**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND.................................................................................1

III. STANDARD OF REVIEW ...................................................................................2

IV. DEFENDANT'S MISUNDERSTAND THE NATURE OF A MOTION TO DISMISS..................................................................................................................3

V. PLAINTIFF'S FAC SUCCESSFULLY STATES CLAIMS UNDER THE TCPA .....6

    A. Section 227(b) – Calls Made Using an Autodialer ............................................7

        1) Plaintiff's FAC Successfully Pleads that Defendants used an Automatic Telephone Dialing System................................................................................7

        2) Defendants' Argument About the Randomness of the Calls is Irrelevant.11

    B. Section 227(c) – Solicitations Made to a Number on the "Do-Not-Call" Registry ..............................................................................................................13

VI. CONCLUSION....................................................................................................15

## **Table of Authorities**

**Cases**

*Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985) ........................... 1-3
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................ 2
*Blair v. CBE Group Inc.,* No. 13-cv-134-MMA(WVG), 2013 U.S. Dist. LEXIS 68715, *11 (S.D. Cal. May 13, 2013) ..............................................................................................................8
*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997), citing,
*In re Donald J. Trump Casino Sec. Litig.,* 7 F.3d 357, 368 n. 9 (3rd Cir.1993)............................. 3
*Collins v. County of Kendall, Ill.,* 807 F.2d 95, 99 n. 6 (7th Cir. 1986), *cert. denied,* 483 U.S. 1005 (1987) ................................................................................................................................. 4
*Connelly v. Hilton Grand Vacations Co., LLC,* No. 12–cv–599, 2012 U.S. Dist. LEXIS 81332 (S.D.Cal. June 11, 2012) .................................................................................................11, 12, 13
*De Los Santos v. Millward Brown, Inc.*, No. 13-cv-906070, 2014 WL 2938605, *3 (S.D. Fla. June 30, 2014) ...............................................................................................................................10
*Dressler v. Lime Energy,* No. 3:14-CV-07060 FLW DEA, 2015 WL4773326, at *3(D.M.J. Aug. 13, 2015.................................................................................................................................... 3
*Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) ................................................. 2
*Hartley-Culp v. Credit Mgmt. Co.*, Civil action No. 3:CV-14-0282, 2014 U.S. Dist. LEXIS 130308 (M.D. Pa., Sept. 15, 2014) ...............................................................................................6
*Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D.Wash. 2012) ............................8
*In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) ......................................8
*Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) .....8
*Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986) ........................................ 4
*Miller v. Office of Children, Youth & Families of Allegheny Cnty.*, 605 F. App'x 99, 103 (3d Cir. 2015) .............................................................................................................................................5
*Montgomery v. Laborers Dist. Council of Philadelphia & Vicinity*, No. CIV.A. 15-02815, 2015 WL 4522917, at *5 (E.D. Pa. July 27, 2015), citing, *Stanford v. Foamex L.P.,* No. 07–cv–4225, 2008 WL 3874823, at *4 (E.D.Pa. Aug. 20, 2008)....................................................................... 4
*N. Sound Capital LLC v. Merck & Co.*, No. 3:13-CV-7240 FLW DEA, 2015 WL 5055769, at *3 (D.N.J. Aug. 26, 2015), citing, *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 97 n. 6 (3d Cir.2010), *cert. denied,* 132 S.Ct. 98 (2011) ................................................................... 3
*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196
(3d Cir. 1993),citing, 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed.1990) ............................................................................................................................. 3, 4
*Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir.1979) ................................................ 4
*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ............................................. 2
*Robinson v. Midland Funding*, LLC, 2011 U.S. Dist. LEXIS 40107 at *8–9 (S.D.Cal. Apr. 13, 2011) ..............................................................................................................................................9
*Rivers v Credit Suisse Boston Financial Corp.*, 2007 U.S. Dist. LEXIS 23621 (D.N.J. 2007) .... 3

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir.2009) (quoting 47 U.S.C. § 227(a)(1) ...........................................................................................................................12
*Smith v Paramount Recovery Systems*, 2008 U.S. Dist. LEXIS 93690 (D.N.J. 2008) .................. 3
*Torres v. Nat'l Enter. Sys., Inc.*, No. 12-C-2267, 2012 U.S. Dist. LEXIS 110514, *10 (N.D. Ill. Aug. 7, 2012) ...........................................................................................................................8
*Trumper v. GE Capital Retail Bank*, No.: 2:14-cv-01211, 2014 U.S. Dist. LEXIS 91624, *5 (D.N.J. July 7, 2014) .............................................................................................................11

### Statutes and Regulations

47 U.S.C. § 227(b)(1)(A). ............................................................................................................ 6
47 U.S.C. § 227(c)(5) ............................................................................................................. 6, 14
47 C.F.R. § 64.1200(c)(2) ....................................................................................................... 6, 14
47 U.S.C. § 227(a)(1) ................................................................................................................. 12
47 C.F.R. § 64.1200(f)(14) ........................................................................................................ 14

### Federal Rules

Federal Rule of C. P. 12(b)(6) ................................................................................................. 2, 5
23 F.C.C.R. 559, 565 (Jan. 4. 2008) ........................................................................................... 6

I. **INTRODUCTION**

On August 19, 2015, Defendants Major Energy Services, LLC and Respond Power, LLC ("Defendants") filed a Motion to Dismiss ("Motion") in response to Plaintiff's putative class action complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In support of its Motion, Defendants rely upon selectively produced documents and carefully tailored affidavits to tell its version of the facts. However, a Rule 12(b)(6) Motion is not the appropriate place to evaluate competing factual allegations, and for good reason: Plaintiff has not been afforded the opportunity to discover information nor has Plaintiff had the opportunity to depose any of the affiants. If a defendant could succeed on a Motion to Dismiss by voluntarily producing documents favorable to its position, no lawsuit would ever proceed beyond the pleadings stage. Instead, the question to be asked here is simple: are the well-pleaded allegations in Plaintiff's complaint sufficient to support the causes of action pled in his complaint? *See Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). As set forth below, the answer here is "yes."

II. **FACTUAL BACKGROUND**

On or about April 7, 2015, Plaintiff received a telephone call on his cellular phone from Defendants' phone number 845-205-9031. *See* FAC at ¶¶ 20-21. Plaintiff's telephone number has been registered on the national "Do-Not-Call" registry since October 12, 2005. *Id.* at ¶ 35. The caller, Defendants' agent, identified herself as calling from Respond Power, which she stated was Plaintiff's energy supplier through PSE&G. *Id.* at ¶ 23. The caller referred to Plaintiff as a "former" customer of Respond Power, and stated that the purpose of the call was to renew the Plaintiff's energy contract for 802 Duchess Lane in Woodbridge New Jersey. *Id.* at ¶¶ 23-24. Plaintiff informed the caller that he does not know who Respond Power is, and requested that the

1

caller stop calling his cellular telephone. *Id.* at ¶ 25. Subsequent and prior to the April 7, 2015 phone call, Plaintiff received several missed or dropped calls that appear to have been from Defendants. *Id*. at ¶ 27. These calls were all made using an automatic telephone dialing system. *Id.* at ¶ 37. These calls all constituted telephone solicitations. *Id.* at ¶ 36. Accordingly, Plaintiff filed a putative class action complaint alleging violations of the TCPA's prohibitions against calling cellular telephones using an automatic telephone dialing system, and its prohibitions against making telephone solicitations to numbers on the national "Do Not Call" Registry. *Id.* at ¶¶ 57-74.

### III. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These factual allegations must be enough "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

The movant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action,

but rather tests the legal sufficiency of the complaint. *Rivers v Credit Suisse Boston Financial Corp.*, 2007 U.S. Dist. LEXIS 23621 (D.N.J. 2007).

At this stage, it is not important whether Plaintiff will prevail at trial, but whether he should be given an opportunity to offer evidence in support of his claims. *Smith v Paramount Recovery Systems*, 2008 U.S. Dist. LEXIS 93690 (D.N.J. 2008).

**IV.    DEFENDANTS MISUNDERSTAND THE NATURE OF A MOTION TO DISMISS**

Before turning to the elements of Plaintiffs' claims, it is necessary to clear the smoke and mirrors created by Defendants' voluminous evidentiary submissions in support of their Motion. None of these documents or evidence can be considered at the instant stage in the litigation. To decide a motion to dismiss, courts may consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. *See, Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), citing, 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed.1990). The Third Circuit has repeatedly held that a district court ruling on a motion to dismiss, is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997), citing, *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3rd Cir.1985); *In re Donald J. Trump Casino Sec. Litig.,* 7 F.3d 357, 368 n. 9 (3rd Cir.1993).

Courts in this district have recognized only a specific, limited exception "for documents that are integral to or explicitly relied upon in the complaint." *N. Sound Capital LLC v. Merck & Co.*, No. 3:13-CV-7240 FLW DEA, 2015 WL 5055769, at *3 (D.N.J. Aug. 26, 2015), citing, *W. Penn Allegheny Health Sys., Inc. v. UPMC,* 627 F.3d 85, 97 n. 6 (3d Cir.2010), *cert. denied,* 132 S.Ct. 98 (2011). *See also, Dressler v. Lime Energy*, No. 3:14-CV-07060 FLW DEA, 2015 WL

3

4773326, at *3 (D.N.J. Aug. 13, 2015). "For a document to form the basis of a plaintiff's claim, plaintiff's claims must turn on the document's interpretation." *Montgomery v. Laborers Dist. Council of Philadelphia & Vicinity*, No. CIV.A. 15-02815, 2015 WL 4522917, at *5 (E.D. Pa. July 27, 2015), citing, *Stanford v. Foamex L.P.,* No. 07–cv–4225, 2008 WL 3874823, at *4 (E.D.Pa. Aug. 20, 2008).

Furthermore, courts have defined public records that properly may be considered on a motion to dismiss to include criminal case dispositions such as convictions or mistrials, *see Collins v. County of Kendall, Ill.,* 807 F.2d 95, 99 n. 6 (7th Cir. 1986), *cert. denied,* 483 U.S. 1005 (1987), letter decisions of government agencies, *see Phillips v. Bureau of Prisons,* 591 F.2d 966, 968 (D.C.Cir.1979), and published reports of administrative bodies, *see Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir.1986). In *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) the defendant moved to dismiss the Complaint, and attempted to submit a written exchange between the parties to the litigation. The *Pension Ben.* defendants asserted that these documents were a public record because the public may obtain access to it through a Freedom of Information Act ("FOIA") request. The Third Circuit disagreed, finding this in the cases cited above, the public had unqualified access to all of the documents at issue as opposed to having to submit a FOIA request.

None of Defendants' proffered evidence meets the above exceptions. For example, Defendants contend that Plaintiff was a customer of Defendants, and continues to be a customer of Defendants. Defendants therefore argue that they had consent to call the Plaintiff's cellular phone with an automated dialer and had an established business relationship with Plaintiff for purposes of the "Do-Not-Call" registry. In support of these factual assertions, Defendants submit the Declaration of Adam Small, General Counsel for Defendants, along with a number of

4

Exhibits attached to Mr. Small's Declaration. These Exhibits are all internal documents and emails produced and maintained by Defendants. They are thus neither public records nor documents integral to Plaintiff's complaint.

Defendants also attempt to rely on a document produced from a LexisNexis search, attaching that Exhibit to the Declaration of David R. King, Esq., counsel to Defendants in this action. This document similarly cannot be considered by the Court. Defendants' counsel refers to this Document in his Declaration as a 'public record search'. *King Decl.* at ¶4. However, like the documents accessible only via a FOIA request (rather than a document to which the public had unqualified access), a LexisNexis printout is <u>not</u> a public record that may be properly considered on a Rule 12 motion to dismiss.

Defendants also submit recordings of the calls which purportedly accurately reflect the calls placed to Plaintiff as alleged in the FAC. Again, these recordings are extraneous evidence not relied upon by the Plaintiff in crafting the FAC and cannot be considered by this Court. Furthermore, the accuracy of these recordings – and the completeness of the production – are obviously contradicted by the Plaintiff. Indeed, this is the sole reason why they were submitted by Defendants in support of their instant Motion to Dismiss. Accordingly, they are not 'undisputedly authentic' and cannot be considered at this stage. *See, Miller v. Office of Children, Youth & Families of Allegheny Cnty.*, 605 F. App'x 99, 103 (3d Cir. 2015) ("we note that the document, an Affidavit of Service purporting to establish that Miller received notice of a December 6, 2011 hearing, constituted 'extraneous evidence submitted by the defense' that was subject to potential challenge by Miller and not proper for consideration on a Rule 12(b)(6) motion").

5

Relatedly, Defendants rely on the Declaration of Deborah Jane Labastida, a representative of non-party SupportSave Solution, Inc. The Labastida Declaration appends two exhibits: a phone log maintained by the non-party and a transcript of the conversations between Plaintiff and Defendants. As before, however, such documents are not appropriately considered on a Motion to Dismiss.

Finally, Defendants rely on the affidavit of Mr. Small to establish that the subject calls were not 'solicitations' as Defendants purportedly have a business relationship with the Plaintiff. As set forth above, this Declaration, and the evidence it attempts to introduce, cannot be considered on this motion.

### V.   PLAINTIFF'S FAC SUCCESSFULLY STATES CLAIMS UNDER THE TCPA

To state a claim under the TCPA for calls made to a cellular telephone, a plaintiff must plead that (1) a call was placed to a cellular telephone (2) through the use of an automatic dialing system and/or prerecorded or artificial voice (3) without the prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(A). If consent is an issue, the burden is on the defendant to show that the required prior express consent was obtained. 23 F.C.C.R. 559, 565 (Jan. 4. 2008); *see also Hartley-Culp v. Credit Mgmt. Co.*, Civil action No. 3:CV-14-0282, 2014 U.S. Dist. LEXIS 130308 (M.D. Pa., Sept. 15, 2014).

To state a claim under the TCPA for calls made in violation of the "Do-Not-Call" Registry, a plaintiff must show that (1) his number was on the "Do-Not-Call" registry prior to the Defendants making the calls to his number; (2) the calls constituted "telephone solicitations"; and (3) the plaintiff received more than one such call in a 12-month period by or on behalf of the same entity. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Calls made in violation of Section 227(c) do *not* need to be made using an automatic dialing system or

6

prerecorded/artificial voice. *Id.* As set forth below, the FAC sufficiently alleges the requisite elements of both claims.

### A. Section 227(b) – Calls Made Using an Autodialer

The FAC sets forth each element of a claim under section 227(b). Plaintiff alleges that the calls from Defendants were made to his cellular telephone. FAC at ¶ 20. Plaintiff alleges that the calls were placed using an "automatic telephone dialing system." *Id.* at ¶¶ 22, 37. In support of this allegation, Plaintiff notes that on at least some of these calls, there was a brief pause after answering and prior to speaking with a live person. *Id.* And finally, Plaintiff alleges that the calls were made without his prior express consent. *Id.* at ¶¶ 39-41.

Defendants primarily take issue with the second of these allegations, which is that it used an "automatic telephone dialing system." Defendants make three arguments here: first, Plaintiff's allegations are conclusory and do not have factual support; second, the calls were not random; and finally, the factual allegations made in support of this assertion are false.

### 1) Plaintiff's FAC Successfully Pleads that Defendants Used an Automatic Telephone Dialing System.

Defendants' first and third arguments must be taken together, as they contradict each other. Defendants argue that Plaintiff's allegations are conclusory, while at the same time acknowledging that the FAC contains factual support for automatic dialer usage, in that Plaintiff alleges that there was a brief pause before a live operator got in the line and began talking. FAC at ¶¶ 22, 29. What Defendants mean to argue, but carefully avoid saying outright, is that the recordings Defendants chose to produce in support of their Motion refute allegations that there was a pause. Therefore, the implicit argument goes, if the Court accepts that these calls are 1) accurate and 2) reflect the entire universe of calls Defendants made to Plaintiff, then the Court

7

must disregard Plaintiff's factual and circumstantial allegations. As discussed above, however, the evidence submitted by Defendants cannot be considered at this stage.

Indeed, even if the Court were to consider Defendants' submissions and/or disregard Plaintiff's allegations about a pause upon answering, Plaintiff's remaining allegations are nonetheless sufficient to survive a Motion to Dismiss. Many courts have explicitly noted the difficulty that a TCPA plaintiff faces in being able to know and describe the type of calling system utilized by a defendant prior to discovery. As a result, many courts have permitted a plaintiff to simply allege the statutory definition of an ATDS. *See*, *e.g.*, *Blair v. CBE Group Inc.*, No. 13-cv-134-MMA(WVG), 2013 U.S. Dist. LEXIS 68715, *11 (S.D. Cal. May 13, 2013); *Torres v. Nat'l Enter. Sys., Inc.*, No. 12-C-2267, 2012 U.S. Dist. LEXIS 110514, *10 (N.D. Ill. Aug. 7, 2012); *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012) (same, and noting that "while additional facts might be helpful, further facts are not required to move beyond the pleading stage."); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010).

In *Blair v. CBE Group, Inc.*, supra, the court denied defendant's motion to dismiss, stating that "[w]hether [defendant's] calling technology has the requisite capacity for TCPA purposes is a factual question that is not properly resolved without formal discovery or at this stage of the proceedings." *Id*. at *4. The *Blair* Court noted that plaintiff's allegation that the defendant had "used an automatic dialing system which had the capacity to produce or store and dial numbers randomly or sequentially . . . to place telephone calls to Plaintiff's cellular telephone" was "sufficient under Rule 8's pleading standard." *Id*. citing *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129–30 (W.D.Wash. 2012); *In re Jiffy Lube Int'l, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D.Cal.2012); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999,

1010–11 (N.D. Ill. 2010); *Robinson v. Midland Funding*, *LLC*, 2011 U.S. Dist. LEXIS 40107 at *8–9 (S.D.Cal. Apr. 13, 2011).

The court in *Torres v. Nat'l Enter. Sys., Inc.* spoke even more strongly to this issue. In *Torres*, defendant argued that the amended complaint lacked sufficient details to plausible suggest it was using an automatic telephone dialing system. In response, the court wrote:

> [Defendant] … is seeking to address evidentiary issues that are premature at this juncture. At the summary judgment stage, Torres will need to point to sufficient evidence showing that the manner in which the Phone Calls were made to Torres violated the TCPA. Torres' allegations indicate that an "automatic telephone dialing system or an artificial or prerecorded voice" was used by [defendant], which is sufficient at this juncture. Nor would it even be reasonable to hold plaintiffs in TCPA cases to the standard proposed by [defendant] since it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication …. Under such a standard, defendants … would be virtually immune to TCPA claims.

*Torres*, 2012 U.S. Dist. LEXIS 110514, *10-11.

Should the Court find it necessary to reach the sufficiency of Plaintiff's allegations, without considering its allegations that there was a pause, Plaintiff respectfully requests that the Court follow *Torres* and *CBE* and not impose an impossible pleading standard on Plaintiff here, or on future TCPA plaintiffs.

These aforementioned holdings are particularly true in light of recent FCC pronouncements. In its July 10, 2015 Order, the FCC reiterated that an automatic telephone dialing system, which is defined as "equipment which as the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers", means just what it says: it is capacity – not present ability – that matters. FCC Order, FCC 15-72, ¶ 15 (July 10, 2015). The FCC reiterated that a piece of equipment can possess the requisite "capacity" even if it requires the addition of software to fulfill that capacity. *Id.* at ¶ 18. The FCC further reiterated that the basic function of an autodialer is the capacity

9

(present or future) to dial numbers without human intervention. *Id.* at ¶ 17. This broad interpretation encompasses almost all equipment used by companies to call consumers. But how could this ever be known at the pleading stage to the certainty Defendants here expect? Even the FCC also acknowledged that the capacity element and its application to a particular piece of equipment is specific to each individual piece of equipment and is therefore a case-by-case determination. *Id.* at 17. If it is not enough to allege capacity, then defendants can avoid TCPA liability by investing in more sophisticated automatic telephone dialing equipment that eliminates the tell-tale pauses or clicks that are sometimes associated with such equipment. Congress designed a simple statute using ordinary language. That Congress used the language that most accurately describes the technology used does not mean that a plaintiff who uses that same language is merely parroting the statute, and needs to say something new or different. As the *Torres* court wrote, the standard proposed by Defendants would be virtually impossible for a plaintiff to satisfy, and would immunize future TCPA defendants from liability under Section 227(b), no matter the egregiousness of their conduct.

      Of course, it is true that, prior to the FCC's pronouncement, some courts have required more from plaintiffs' pleadings than others. However, these courts have all permitted plaintiffs to simply allege circumstances surrounding the call to infer the use of an ATDS. *See, e.g.*, *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130 (W.D. Wash. 2012). Essentially, these other courts recognized that where discovery has not yet commenced, plaintiff's allegations are as specific and detailed as could reasonably be expected based on the investigation to date. *See De Los Santos v. Millward Brown, Inc.*, No. 13-cv-906070, 2014 WL 2938605, *3 (S.D. Fla. June 30, 2014) (finding that, "[d]ue to the information disparity between the caller and the person called, circumstantial allegations of autodialing are sufficient to withstand a motion to dismiss") (citing

10

Robert D. Brownstone, 1 Data Sec. & Privacy Law § 9:69 (2013) ("To balance the plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery ..., a number of courts have held that plaintiffs can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create a plausible inference that the call was made using an [ATDS].")) Even the *Trumper* case, upon which Defendants heavily rely, acknowledged and distinguished a case which found allegations of a pause after answering each call to be sufficient to survive a motion to dismiss. *Trumper v. GE Capital Retail Bank*, No.: 2:14-cv-01211, 2014 U.S. Dist. LEXIS 91624, *5 (D.N.J. July 7, 2014) (citing *Connelly v. Hilton Grand Vacations Co., LLC,* No. 12–cv–599, 2012 U.S. Dist. LEXIS 81332 (S.D.Cal. June 11, 2012)).

Ultimately, it is important to keep in mind that the parties have not engaged in any discovery to date. Thus, Plaintiff respectfully submits that the allegations made in the FAC are as specific and detailed as could reasonably be expected in a TCPA case. Moreover, while Plaintiff does not believe it to be necessary, the FAC proffers additional factual allegations about the circumstances surrounding the calls sufficient to create a plausible inference that the calls were made using an ATDS. Thus, Plaintiff's FAC has sufficiently stated a TCPA claim, and should not be dismissed.

**2) Defendants' Argument About the Randomness of the Calls is Irrelevant**

The remaining argument Defendants make with respect to 227(b) – that the calls were not random because the Plaintiff was the intended recipient – can be disregarded as irrelevant and based upon a fundamental misunderstanding of the law. The only questions that matter for liability under Section 227(b) is whether 1) calls were made to a cellular telephone 2) using an

automatic telephone dialing system or artificial or prerecorded voice 3) without consent of the called party.

In fact the defendants in the *Connelly* case made an almost identical argument with which the *Connelly* court disagreed. Specifically, Defendants disingenuously argue in their Motion that because Plaintiff was the intended recipient of the phone calls, the calls were not "random" and thus cannot violate the TCPA. *See* Motion, pg. 11. Similarly, in *Connelly*, the defendant, Hilton, argued that because "Hilton only called persons with a Hilton family account and existing or prior relationship with Hilton," this "necessarily defeats any claim that the marketing calls were made via a 'random or sequential number generator." *Id*. The *Connelly* Court, however, disagreed. It found that dismissal of the complaint on that basis was not warranted and explained that "[w]hen evaluating the issue of whether equipment is an [automatic telephone dialing system], the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Id*. at 5 (emphasis in original) citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (quoting 47 U.S.C. § 227(a)(1)).

The *Connelly* court further explained that "even accepting Hilton's assertion that its marketing calls were made only to persons within the 'Hilton family,'" and that therefore the calls were made from an existing list of telephone numbers rather than via a random or sequential number generator, Hilton "has not adequately demonstrated that this would absolve them of liability under the statute, given that such a machine could arguably be said to 'store ... telephone numbers to be called, using a random or sequential number generator.'" *Id*. (internal citations omitted). As such, the *Connelly* court found that plaintiffs adequately alleged the use of an automatic telephone dialing system and denied defendant's motion to dismiss. *Id*.

Like the unsuccessful defendant-movant in *Connelly*, Defendants' arguments relating to the randomness (or lack thereof) of the calls have no relevance under the TCPA and its definition of an "automatic telephone dialing system." Moreover, the allegations in the FAC give a reasonable inference that Defendants used an automatic system.

### B. Section 227(c) – Solicitations Made to a Number on the "Do-Not-Call" Registry

As explained above, to state a claim under the TCPA for calls made in violation of Section 227(c) of the TCPA, a plaintiff must show that (1) his number was on the "Do-Not-Call" registry prior to Defendants making the calls to his number; (2) the calls constituted "telephone solicitations"; and (3) the plaintiff received more than one such call in a 12-month period by or on behalf of the same entity. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Calls made in violation of section 227(c) do *not* need to be made using an automatic dialing system or prerecorded/artificial voice. *Id.* Telephone solicitation is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14). Exempted from the definition of telephone solicitations are calls made "[t]o any person with whom the caller has an established business relationship." *Id.* at (14)(ii).

Plaintiff alleges that his telephone number has been on the "Do-Not-Call" registry since October 12, 2005. FAC at ¶ 35. Plaintiff alleges that he received several other calls from Defendants. *Id.* at ¶ 27-28. Plaintiff alleges (and Defendants acknowledge in their brief) that the calls were made in attempt to solicit business, which Plaintiff contends makes the calls "telephone solicitations." *Id.* at ¶¶ 33, 36; Defendants' Memorandum, p. 12 ("Defendants' calls … were made to encourage Plaintiff's contract renewal.").

13

Defendants' sole argument against this count is that there exists an established business relationship between Plaintiff and Defendants because Defendants supply Plaintiff's electricity. But the definition of established business relationship is not as clear cut as Defendants suggest. Under the TCPA, "established business relationship" means a:

> prior or existing relationship formed by a *voluntary two-way communication* between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately proceeding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call[.] … The Subscriber's established business relationship with a particular business entity *does not extend to affiliated entities unless the subscriber would reasonably expect them to be included* given the nature and type of goods or services offered by the affiliate and the identity of the affiliate.
> 47 C.F.R. § 64.1200(f)(5) (emphases added).

Plaintiff plausibly alleges that there was no established business relationship here. Plaintiff's business relationship was with PSE&G, and Plaintiff had no reason to expect Defendants to be included in that relationship. FAC at ¶ 40. When Defendants called, Plaintiff did not know who they were or why they were calling. *Id.* at ¶ 25. Defendants obtained Plaintiff's business and contact information through a third-party who had no authority to provide Plaintiff's contact information or authorize the establishment of a business relationship between Plaintiff and Defendants.[1] *Id.* at ¶ 41. It is not enough that Defendants have done business with Plaintiff. If the business relationship was not voluntary or knowing or expected, it may not be enough to qualify under the statute as an "established business relationship." The allegations here thus support an

---

[1] Plaintiff believes discovery will show that an individual with the last name "Sosa" was employed by a third-party recruiter for Defendants, and unbeknownst to Plaintiff, signed the Plaintiff up to switch his energy supplier and provided Defendants with Plaintiff's phone number.

involuntarily established and/or unexpected business relationship, and Plaintiff's complaint is therefore sufficient to survive a motion to dismiss on this count.

## VI.   CONCLUSION

As set forth exhaustively above, Defendants' Motion to Dismiss should be denied in its entirety. Defendants' documentary evidence and Declarations may not be considered on a Motion to Dismiss. The FAC this action clearly alleges that Defendants made autodialed and unsolicited telephone solicitations to Plaintiff's cellular phone, which was on the Do Not Call registry. Contrary to Defendants' arguments, a claimant under the TCPA need not exhaustively prove in its complaint that an automatic dialer was used to place the offending calls. It is therefore respectfully submitted that the motion should be denied in its entirety.

Dated: September 29, 2015                MARCUS & ZELMAN, LLC

By: /s/ Ari H. Marcus_____
Ari H. Marcus, Esq. (AM9086)
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732)695-3282
Fax:    (732) 298-6256
Email: Ari@MarcusZelman.com

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman (YZ5857)
Email: YZelman@MarcusZelman.com

GLAPION LAW, LLC

By: /s/ Jeremy M. Glapion_____
Jeremy M. Glapion, Esq.
1704 Maxwell Drive, Suite 102
Phone: (732) 455-9737
Email: JMG@Glapionlaw.com

**ATTORNEYS FOR PLAINTIFF**