UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODRIGO CARRERA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MAJOR ENERGY SERVICES, LLC, et al.,

Defendants.

Civil Action No. 15-3208 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendants Major Energy Services, LLC ("Major Energy") and Respond Power, LLC's ("Respond Power") (collectively, "Defendants") motion to dismiss Plaintiff Rodrigo Carrera's ("Plaintiff") First Amended Complaint ("Amended Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 25.) This is a putative class action brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). (*See generally* Am. Compl., ECF No. 18.) Plaintiff alleges that Defendants[1] "make telemarketing calls to cellular telephones advertising their energy and power services without the prior express written consent of the called party." (*Id.* ¶ 1.) Specifically, Plaintiff alleges that on April 7, 2015, and April 9, 2015, he received telephone calls from a person claiming to represent Respond Power. (*Id.* ¶¶ 20-33.) In addition, Plaintiff alleges that he answered the calls "and there was a brief pause before a live operator got on the line and began talking." (*Id.* ¶¶ 22, 29.) Additionally, Plaintiff alleges that his telephone number has been on the national Do Not Call Registry since October 12, 2005,

---

[1] Plaintiff alleges that Major Energy and Respond Power "are the same company" but "have separate registrations." (Am. Compl. ¶ 13.)

and he never provided express consent to Defendants to call his telephone number. (*Id.* ¶¶ 35, 39.) Plaintiff's four-count Amended Complaint asserts claims for negligent and knowing or willful violation of the TCPA for telephone calls made by an automatic telephone dialing system, and negligent and knowing or willful violation of the TCPA for calls made to those on the national Do Not Call Registry. (*See generally* Am. Compl.)

In support of their motion to dismiss, Defendants rely on documents outside the Amended Complaint, including: (1) a Lexis Nexis search showing Plaintiff's alleged former address; (2) a log of Defendants' telephone calls to Plaintiff; (3) transcripts and a CD of the conversations between Plaintiff and Defendants; (4) a screenshot of the online order summary showing Plaintiff's enrollment with Defendants; (5) data from an electronic data interchange; and (6) an e-mail message from PSE&G. (ECF No. 25.) "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985)). "However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (internal quotation marks omitted). None of the documents Defendants attach to their motion to dismiss were attached to, integral to, or explicitly relied on in the Amended Complaint, nor are they matters of public record. Accordingly, the Court will not consider those extraneous documents or the arguments Defendants make that rely on those documents.

Defendants' only other argument in support of dismissal is that Plaintiff failed to plead any factual content to allow the Court to draw a reasonable inference that Defendants used an automatic telephone dialing system. Plaintiff, however, alleged that after he answered the calls "there was a

2

brief pause before a live operator got on the line and began talking." (*Id.* ¶¶ 22, 29.) This factual allegation is sufficient to state a plausible claim for relief. *See Connelly v. Hilston Grant Vacations*, No. 12-599, 2012 WL 2129364, at *1 (S.D. Cal. June 11, 2012) (denying a motion to dismiss for failure to state a claim because allegation of delay prior to a live person answering the telephone was sufficient to support a reasonable inference that the defendant used an automatic telephone dialing system); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2012) (distinguishing the facts of *Connelly* and dismissing a plaintiff's TCPA claim for failing to allege any facts that would support an inference that an automatic telephone dialing system was used). Accordingly,

IT IS on this 29th day of March 2016, **ORDERED** that Defendants' motion to dismiss (ECF No. 25) is DENIED.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE